UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JONATHAN WESLEY GRIGSBY,

           Petitioner,

    v.

CHRISTIAN PFEIFFER,[1]

           Respondent.

No.  2:16-cv-1105-MCE-EFB P

FINDINGS AND RECOMMENDATIONS

Petitioner is a state prisoner without counsel seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Respondent moves to dismiss the petition as time-barred.  ECF No. 14. Petitioner has filed an opposition to the motion (ECF No. 21) and the matter is ready for disposition.[2]  For the reasons stated hereafter, it is recommended that the motion be granted and the petition be dismissed as time-barred.

/////

---

[1]  Previously named as respondent was M. Mungia.  The court now substitutes in the correct respondent, the Warden of Kern Valley State Prison, where petitioner is presently incarcerated.  "A petitioner for habeas corpus relief must name the state officer having custody of him or her as the respondent to the petition." *Stanley v. California Supreme Court*, 21 F.3d 359, 360 (9th Cir.1994) (citing Rule 2(a), 28 U.S.C. foll. § 2254). *See also Smith v. Idaho*, 392 F.3d 350, 355-56 (9th Cir. 2004).

[2]  Petitioner's opposition also included a request for the appointment of counsel, which the court previously denied.  ECF No. 22.

**I.      Background**

Petitioner filed this claim alleging that he was denied due process when he was convicted of a prison disciplinary violation on November 16, 2012 and throughout the administrative appeal process that followed.  ECF No. 1 at 1-8.  By way of relief he seeks the return of one-hundred and fifty days good time credit.  *Id*. at 12.  The petition references two appeals – one denied on July 19, 2013 (SAC-12-03537) and the other denied on August 1, 2013 (SAC-12-03615).  *Id*. at 2-3.  In March of 2014, petitioner filed a separate section 1983 action alleging excessive force which stems from the events underlying the procedural claims in this action.  ECF No. 1 at 11; *see also Grigsby v. Munguia*, Case No. 2:14-cv-00789-GEB-AC, ECF No. 1.  Then, on May 20, 2016, petitioner filed this section 2254 action.  ECF No. 1.

**II.      Applicable Legal Standards**

A federal writ of habeas corpus pursuant to section 2254 is available "only on the basis of some transgression of federal law binding on the state courts."  *Middleton v. Cupp*, 768 F.2d 1083, 1085 (9th Cir. 1985).   "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody."  *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).  A writ is also the appropriate vehicle where, as here, a petitioner seeks restoration of good time credits.  *Id*. at 487-488 ("So, even if restoration of . . . [the prisoners'] good-time credits had merely shortened the length of their confinement, rather than required immediate discharge from that confinement, their suits would still have been within the core of habeas corpus in attacking the duration of their physical confinement itself.").

A district court may dismiss a section 2254 action "[i]f it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ."  *See* Rule 4 of the Rules Governing § 2254 Cases.

**III.      Analysis**

Respondent argues, *inter alia*, that petitioner's claims are time-barred.  ECF No. 14 at 3.  The court agrees.  The Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996

/////

1    imposes a one-year statute of limitations for state prisoners to file a federal petition for writ of

2    habeas corpus.  28 U.S.C. § 2244(d)(1).  In relevant part:

3        A 1-year period of limitation shall apply to an application for a
         writ of habeas corpus by a person in custody pursuant to the
4        judgment of a State court. The limitation period shall run from the
         latest of --
5
6        (D) the date on which the factual predicate of the claim or claims
         presented could have been discovered through the exercise of due
         diligence.
7

8    28 U.S.C. § 2244(d)(1)(D).  The U.S. Court of Appeals for the Ninth Circuit has held that

9    AEDPA's one year statute of limitations applies to all federal petitions for writ of habeas corpus,

10   "including those challenging state administrative actions."  *Mardesich v. Cate*, 668 F.3d 1164,

11   1171 (9th Cir. 2012).  Where a petitioner challenges a state administrative action, the triggering

12   date for the statute of limitations is, as referenced above, the date on which the "factual predicate"

13   of the habeas claims could have been discovered through the exercise of due diligence."  *Id.* at

14   1172 (internal quotations and citations omitted).  "As a general rule, the state agency's denial of

15   an administrative appeal is the factual predicate for such habeas claims."  *Id.* (internal quotations

16   and citations omitted).

17        Here, petitioner indicates that one of his administrative appeals received a final, third level

18   denial on July 19, 2013, the other received a final denial on August 1, 2013.  ECF No. 1 at 3.

19   Although the statute of limitations is tolled during the pursuit of state post-conviction remedies,

20   *see* 28 U.S.C. § 2244(d)(2), there is no indication he availed himself of those remedies with

21   respect to these claims.  *See Zepeda v. Walker*, 581 F.3d 1013, 1019 (9th Cir. 2009) (holding that

22   the petitioner "bears the burden of demonstrating that the AEDPA limitation period was

23   sufficiently tolled.").  Nor has petitioner offered any other explicit argument for tolling in his

24   opposition.  He does refer to his section 1983 suit which was filed in March 27, 2014 (*Grigsby v.*

25   *Munguia*, Case No. 2:14-cv-00789-GEB-AC, ECF No. 1), but the court is unaware of any

26   authority which holds that AEDPA's statute of limitations is tolled by federal court proceedings.

27   To the contrary, the Supreme Court has held that even an application for federal habeas corpus

28   review does not toll the limitation period.  *See Duncan v. Walker,* 533 U.S. 167, 181-182 (2001).

1    As such, it is impossible to conclude that a section 1983 action would do so.

2          Based on the foregoing, the deadline for filing any habeas petition on the immediate

3    claims was, at the latest, August 2, 2014.  *See Redd v. McGrath*, 343 F.3d 1077, 1084 (9th Cir.

4    2003) (holding that the statute of limitations pursuant to § 2244(d)(1)(D) began running the day

5    after the inmate's administrative appeal was denied).  He exceeded that date by nearly three years

6    regardless of whether his petition is accorded the date it was signed (May 3, 2016) or the date it

7    was filed with this court (May 20, 2016).  ECF No. 1.

8          Given that the petition is time-barred, the court finds it unnecessary to address

9    respondent's remaining arguments.

10         **IV.    Conclusion**

11         Accordingly, it is HEREBY RECOMMENDED that:

12         1.  Respondent's motion to dismiss (ECF No. 14) be granted;

13         2.  Petitioner's application for a writ of habeas corpus be dismissed as time-barred; and

14         3.  The Clerk be directed to close the case.

15         These findings and recommendations are submitted to the United States District Judge

16   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen days

17   after being served with these findings and recommendations, any party may file written

18   objections with the court and serve a copy on all parties.  Such a document should be captioned

19   "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections

20   within the specified time may waive the right to appeal the District Court's order.  *Turner v.*

21   *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).  In

22   his objections petitioner may address whether a certificate of appealability should issue in the

23   event he files an appeal of the judgment in this case.  *See* Rule 11, Federal Rules Governing

24   § 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a

25   final order adverse to the applicant).

26   DATED:  February 16, 2017.

27                                             EDMUND F. BRENNAN
                                               UNITED STATES MAGISTRATE JUDGE

28

                                               4